CR 04-00374 (A) SJO

ORIGINAL

## COURT'S INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.



Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT
SEP 27 2004
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY



ENTER ON ICMS

OCT -5 2004



1

COURT'S INSTRUCTION NO. 2

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

COURT'S INSTRUCTION NO. 3

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

COURT'S INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

COURT'S INSTRUCTION NO. 5

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

COURT'S INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received into evidence.   Certain things are not evidence and you may not consider them in deciding what the facts are.   I will list them for you:

1.   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.   What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.   If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3.   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.   In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

Page One of Two

1        4.    Anything you may have seen or heard when the court

2  was not in session is not evidence.   You are to decide the case

3  solely on the evidence received at the trial.

Page Two of Two

COURT'S INSTRUCTION NO. 7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.  You are to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. 8

Some evidence is admitted for a limited purpose only.
When I instruct you that an item of evidence has been admitted
for a limited purpose, you must consider it only for that
limited purpose and no other.

COURT'S INSTRUCTION NO. 9

The case against codefendant Robert Virgil Cole has been disposed of and is not before you.  Do not guess or speculate as to the reason for the disposition.  The disposition should not influence your verdicts with reference to the remaining defendant, and you must base your verdicts solely on the evidence against the remaining defendant.

COURT'S INSTRUCTION NO. 10

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case and any bias or prejudice;

5.   whether other evidence contradicted the witness's testimony;

6.   the reasonableness of the witness's testimony in light of all the evidence; and

7.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

COURT'S INSTRUCTION NO. 11

A separate count is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

COURT'S INSTRUCTION NO. 12

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

COURT'S INSTRUCTION NO. 13

You have heard evidence that defendant has previously been convicted of a crime.  You may consider that evidence only as it may affect the defendant's believability as a witness.  You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

SCANNED

COURT'S INSTRUCTION NO. 14

The parties have stipulated or agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

COURT'S INSTRUCTION NO. 15

The indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

COURT'S INSTRUCTION NO. 16

Count one of the indictment alleges that an approximate amount of money was involved in the crime charged.   It is not necessary for the government to prove the exact or precise amount of money alleged in the indictment.

COURT'S INSTRUCTION NO. 17

The indictment charges defendants Rita Marie Lavelle and Robert Virgil Cole with wire fraud, in violation of Title 18, United States Code, Section 1343.

Title 18, United States Code, Section 1343 provides, in part, as follows:

> Whoever, having devised or intending to
> devise any scheme or artifice to defraud, or
> for obtaining money or property by means of
> false or fraudulent pretenses, representations,
> or promises, transmits or causes to be
> transmitted by means of wire or communication in
> interstate commerce, any writings, signs,
> signals, or pictures for the purpose of
> executing such scheme or artifice, shall [be
> guilty of an offense against the United States].

SCANNED

COURT'S INSTRUCTION NO. 18

In order for the defendant to be found guilty of wire fraud, as charged in count one of the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First: The defendant knowingly devised or knowingly participated in either a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, with all of you agreeing on at least one particular false promise or statement that was made;

Second: The defendant knew that the promises or statements were false;

Third: The promises or statements made or facts omitted were material, that is they would reasonably influence a person to part with money or property;

Fourth: The defendant acted with the intent to defraud; and

Fifth: The defendant made, or caused to be made, a wire transfer across state lines to carry out or attempt to carry out an essential part of the scheme.

A wire transfer is caused when one knows that the wires will be used in the ordinary course of business or when one can

Page One of Two

1  reasonably foresee such use.  It does not matter whether the

2  material wired was itself false or deceptive so long as the

3  wire transfer was used as a part of the scheme, nor does it

4  matter whether the scheme or plan was successful or that any

5  money or property was obtained.

Page Two of Two

COURT'S INSTRUCTION NO. 19

The phrases "any scheme or artifice to defraud" and "any scheme or artifice for obtaining money or property" mean any deliberate plan of action or course of conduct by which someone intends to deceive or to cheat another or by which someone intends to deprive another of something of value.

The term "false or fraudulent pretenses, representations, or promises" means a statement or an assertion which concerns a material or important fact or a material or important aspect of the matter in question and that was either known to be untrue at the time that it was made or used, or that was made or used with reckless indifference as to whether it was, in fact, true or false, and made or used with the intent to defraud. A material fact is a fact that would be of importance to a reasonable person in making a decision about a particular matter or transaction.

The term "false or fraudulent pretenses, representations, or promises" includes actual, direct false statements as well as half-truths, and includes the knowing concealment of facts that are material or important to the matter in question and that were made or used with the intent to defraud.

It is not necessary for the government to prove that the defendant was actually successful in defrauding anyone or successful in obtaining money or property by means of false or fraudulent pretenses, representations, or promises. It is not

Page One of Two

21

1   necessary for the government to prove that anyone lost any

2   money or property as a result of the scheme or plan to defraud

3   or scheme or plan to obtain money or property by means of false

4   or fraudulent pretenses, representations, or promises.

5       An unsuccessful scheme or plan to defraud or scheme or

6   plan to obtain money by means of false or fraudulent pretenses,

7   representations, or promises is as illegal as a scheme or plan

8   that is ultimately successful.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27              Page Two of Two

28

COURT'S INSTRUCTION NO. 20

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident.   You may consider evidence of a defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

COURT'S INSTRUCTION NO. 21

An intent to defraud is an intent to deceive or cheat.

COURT'S INSTRUCTION NO. 22

Intent and motive are different concepts and should never be confused.

Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct.

Good motive alone is never a defense where the act done or omitted is a crime. The motive of a defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendant.

COURT'S INSTRUCTION NO. 23

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

COURT'S INSTRUCTION NO. 24

Each member of a scheme to defraud is responsible for other co-schemers' actions during the course of and in furtherance of the scheme.

If you decide that a defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, that defendant is responsible for what other co-schemers said or did to carry out the scheme, even if the defendant did not know what they said or did.

For a defendant to be found guilty of an offense committed by a co-schemer as part of the scheme, the offense must be one that could reasonably be foreseen as a necessary and natural consequence of the scheme to defraud.

COURT'S INSTRUCTION NO. 25

A defendant may be found guilty of a crime, **even if the** defendant personally did not commit the act or acts constituting the crime but aided and abetted in **its commission.** To prove a defendant guilty of aiding and abetting, **the** government must prove beyond a reasonable doubt:

First, the crime was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the crime; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

COURT'S INSTRUCTION NO. 26

Defendant Rita Marie Lavelle is charged in counts two and three of the indictment with knowingly and willfully making a false statement in a matter within the jurisdiction of a governmental agency or department in violation of Section 1001 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement in a matter within the jurisdiction of the Federal Bureau of Investigation;

Second, the defendant acted willfully, that is deliberately and with knowledge that the statement was untrue; and

Third, the statement was material to the Federal Bureau of Investigation's activities or decisions.

A statement is material if it could have influenced the agency's decisions or activities.

COURT'S INSTRUCTION NO. 27

An act is done willfully if done knowingly and intentionally, not through ignorance, mistake or accident.

This instruction applies to Counts Two and Three only.

COURT'S INSTRUCTION NO. 28

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

COURT'S INSTRUCTION NO. 29

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

COURT'S INSTRUCTION NO. 30

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

COURT'S INSTRUCTION NO. 31

The punishment provided by law for a crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendants beyond a reasonable doubt.

COURT'S INSTRUCTION NO. 32

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

COURT'S INSTRUCTION NO. 33

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

COURT'S INSTRUCTION NO. 34

Vulnerable victim means a person (1) who is a victim of the offense of conviction; and (2) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct.