UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

---

THE HONORABLE S. JAMES OTERO, JUDGE PRESIDING

| | |
|---|---|
| THE UNITED STATES OF AMERICA,           )<br>                                         )<br>         Plaintiff,                      )<br>                                         )<br>   vs.                                   )   NO. CR-04-374(A)-SJO<br>                                         )<br>RITA MARIE LAVELLE,                      )<br>                                         )<br>         Defendant.                      )<br>                                         ) |  |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

LOS ANGELES, CALIFORNIA

MONDAY, JANUARY 10, 2005

SENTENCING

DEBORAH K. GACKLE, CSR, RPR
United States Courthouse
312 North Spring Street, Room 402A
Los Angeles, California 90012
(213) 620-1149

```
 1   Partners cannot be a vulnerable victim.  So I would ask the
 2   court to apply those and sentence Ms. Lavelle to six months of
 3   home detention.  Thank you, Your Honor.
 4              THE COURT:  Ms. Lavelle, do you have any other
 5   statements you would like to make?
 6              THE DEFENDANT:  Your Honor, I never had any intent
 7   whatsoever to harm anyone or to defraud anyone or to cause any
 8   problems whatsoever or any damages to anyone.  I apologize for
 9   any misunderstanding that may have occurred.
10              But certainly I was never motivated in this way,
11   shape, or form to -- with any criminal intent whatsoever, and
12   it's very hard for me to understand this.
13              Thank you, Your Honor.
14              THE COURT:  Thank you.
15              In reference to the defendant's objections, the
16   addendum to the report -- addendum to the presentence report
17   covers the objections.  The defendant has taken the position
18   that the November 1st, 2000 Guidelines should have been used
19   based on ex post facto issues.  Certainly, if there was only
20   one victim in the case -- as the defendant advocates -- then
21   the application of the different Guidelines would make a
22   difference; however, the jury has made a finding that there was
23   more than one victim in this case, the victims being Capital
24   Partners and also Mr. Bertelli.
25              The court has independently reviewed its notes and
```

1  the evidence offered before the jury. The court concludes, as
2  the jury has, that there was -- or is more than one victim,
3  again the victims being Capital Partners and Mr. Bertelli.
4  As such, the same offense level results under the
5  November 1st, 2000 Guidelines, as the November 1st, 2001
6  edition. And because there is -- the guideline range is the
7  same, the court would find there are no ex post facto issues
8  present.
9  The defendant has taken the position that the
10 vulnerable victim enhancement does not apply, the argument
11 applies to Capital Partners. The argument is not made in
12 reference to Mr. Bertelli. I think it was obvious to the jury,
13 it's obvious to the court, that Mr. Bertelli was and is a
14 vulnerable victim. He qualifies as such; therefore, the court
15 would conclude that that would also apply.
16 In reference to the defendant's position that a
17 downward departure is warranted due to disparate sentences,
18 certainly the sentences that will be imposed are not the same.
19 However, of particular note is the fact that the defendant has
20 opted to exercise her constitutional rights. She believed that
21 she was innocent, and she's exercised her constitutional right
22 and, therefore, she is not entitled to any downward adjustment
23 or departure for acceptance of responsibility.
24 If she had accepted responsibility, she would have
25 had at least been entitled to an offense level of 11, which

1 would allow for a sentencing range of eight to 14 months.
2 Further negotiations with the government may have resulted in
3 even a better sentence.
4     That being said, there's not such disparate sentences
5 that causes the court to conclude that the adjustment should be
6 exercised in this particular case, also based on the particular
7 facts of the trial. The court would exercise its discretion
8 and not impose or not allow for a downward departure based on
9 disparate sentences.
10     In reference to the defendant's request for a
11 downward departure based on the combination of factors, the
12 court would exercise its discretion and not impose a downward
13 departure.
14     In reference to the objections that the defendant has
15 lodged as to paragraph 18, 18 of the probation report, the
16 objection would be overruled. In any event, the objection
17 would not lead to any different sentence imposed by the court.
18     In reference to the objection to 34 of the report,
19 the court has already addressed that issue. All other
20 objections that have been made by the defendant to the P and S
21 report would be overruled.
22     That being said, the court would adopt the findings
23 and conclusions contained in the addendum and in the report.
24 The court would conclude that the offense level is 14; the
25 criminal history category is one.

```
 1              The government's request to have the court impose the
 2   high end -- which is 21 months -- would be denied.  The court
 3   finds no basis in law and fact to impose the high end of the
 4   guideline range, which would be 21 months.  The court believes
 5   that 15 months is sufficiently punitive.
 6              Before the court makes a final determination on the
 7   sentence, I certainly will give the government an opportunity
 8   to be heard.
 9              MR. JOHNS:  Your Honor, the government's prepared to
10   submit at this point on the court's tentative.
11              THE COURT:  Is there any legal reason why the court
12   should not now sentence the defendant?
13              MR. CEPHAS:  No, Your Honor.
14              THE COURT:  Ms. Lavelle, are there any additional
15   statements you'd like to make before the final sentences is
16   imposed?  The court is going to impose the low end of the
17   Guidelines, which is 15 months; the court is going to impose
18   the minimum of supervised release, which is two years; the
19   court is not going to impose a fine, finding that you have no
20   ability to pay a fine; and the court -- restitution is not an
21   issue.
22              In reference to the other portions of supervised
23   release, the court will not impose any condition of drug
24   testing.  The court finds that there's simply no reasonable
25   basis for that imposition of sentence.
```

*U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA*

1   so, the government would move to dismiss the underlying first
2   indictment in this case.
3           THE COURT: Motion is granted.
4                        - - - - -
5
6
7                    C E R T I F I C A T E
8
9       I hereby certify that the foregoing is a true and
10  correct transcript from the stenographic record of
11  the proceedings in the foregoing matter.
12
13  _____        2-24-05
    Deborah K. Gackle                  _____
14  Official Court Reporter            Date
    CSR No, 7106
15